[No. 9617. Department Two. January 4, 1912.]

THEODORE NELSON, *Appellant*, v. SIBLEY CONTRACTING COMPANY, *Respondent*.[1]

EXPLOSIVES — NEGLIGENT SALE—EVIDENCE—ADMISSIBILITY—SUFFI-CIENCY. In an action for injuries sustained by one purchasing "Jexite," a white powder containing no picric acid, alleged to be highly explosive and dangerous, a recovery cannot be sustained on the testimony of a chemist as to experiments made by him with a powder called "Jexite," which it appears was a yellow powder containing picric acid and entirely different ingredients from the powder sold, and which had been used only in the experimental stage and was not on the market commercially.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered January 23, 1911, dismissing an action in tort, upon withdrawing the case from the consideration of the jury. Affirmed.

*W. H. Plummer* and *Henry Jackson Darby*, for appellant.

*Cannon, Ferris, Swan & Lally*, for respondent.

MORRIS, J.—Appellant, claiming to have been injured while in the employ of respondent, through the explosion of a blasting powder known as "Jexite," brought this action, alleging the negligence of respondent in furnishing him with a highly explosive and dangerous powder with which he had no previous experience, without warning him of its highly explosive and dangerous character, and that while using it as directed it suddenly exploded, due solely to its highly explosive and dangerous character. It will not be necessary to refer to the defense as set up in the answer, since no ques-

[1]Reported in 119 Pac. 829.

tion arises thereon. At the conclusion of the evidence the court sustained respondent's challenge to its sufficiency, and dismissed the action, and plaintiff appeals.

The main error alleged is the court's action in striking out the testimony of a chemist, who had testified to the explosive and dangerous character of a yellow substance called "Jexite" which had been furnished him by appellant for experimental purposes, and dismissing the action on respondent's challenge. Without this testimony, there was absolutely no evidence of the dangerous character of Jexite, as charged in the complaint. It subsequently appeared that Jexite, as used by respondent in its construction work and furnished to appellant, was a white powder, differing materially from the yellow substance examined by the chemist and concerning which he testified; that the yellow powder was composed of seventy-three per cent of chloride of potash, picric acid, and flour, the percentage of the last two ingredients not being given; that the company manufacturing Jexite had used picric acid in combination with chlorate of potash and flour, producing a yellow substance similar to appellant's exhibit, but that such combination was only used in the experimental stage; that the product had never been put on the market nor manufactured commercially; that the powder used by respondent, and which was used by appellant, was a white powder containing no picric acid, but was composed of potash sixty-six per cent and flour thirty-four per cent. It was also shown that, while the yellow powder would explode by friction, the white powder would not. Appellant made no attempt to rebut this testimony, or to make any showing that the yellow powder was the one used by him at the time he claims to have been injured. The testimony of the chemist was, therefore, immaterial and properly stricken. Respondent's testimony being unchallenged, and there being no attempt to show that the powder used by appellant in preparing the blast that injured him was of the character as charged in the complaint, and upon which he based his right

of action, there was nothing to submit to the jury, and the challenge was properly sustained, and the motion granted. *Scarpelli v. Washington Water Power Co.*, 63 Wash. 18, 114 Pac. 870.

The other assignments of error are without merit, and the judgment is affirmed.

DUNBAR, C. J., CHADWICK, CROW, and ELLIS, JJ., concur.